# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN MARK LILLY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-14-0659-W-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　　Agency. | DATE: March 31, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Mark Lilly</u>, Lakeland, Florida, pro se.

<u>Danielle Duckett</u>, Esquire, and <u>Rebecca Wulffen</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action for alleged whistleblower reprisal. For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The agency removed the appellant, effective January 7, 2012, for failing to maintain a condition of employment and conduct unbecoming.  Initial Appeal File (IAF), Tab 8 at 8-14.  The appellant filed the appeal, alleging that his removal was taken in reprisal for whistleblowing.  IAF, Tab 1 at 4-5.

¶3      The administrative judge issued an initial decision, dated September 30, 2014, finding that because the appellant did not timely appeal his removal, his claims would be adjudicated as an individual right of action (IRA) appeal only.  IAF, Tab 27, Initial Decision (ID) at 2-3.  The administrative judge denied the appellant's request for corrective action.  ID at 1, 11.  The appellant filed the petition for review on November 8, 2014.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the appellant's petition for review.  PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is untimely.

¶4      A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.[2]  5 C.F.R. § 1201.114(e).  Documents served electronically on e-filers are deemed received on the date of electronic

---

[2] On petition for review, the appellant argues that the Board does not have "the authority to prohibit the [a]ppellant from seeking a bounty" from the Securities and Exchange Commission.  PFR File, Tab 6 at 3.  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has pointed to no statute or regulation to support his assertion. Therefore, we are without jurisdiction to address this argument.

submission.  5 C.F.R. § 1201.14(m)(2).  The appellant, who was an e-filer, indicates that he received the initial decision on the day it was issued.  PFR File, Tab 2 at 3; IAF, Tab 1 at 2.  The appellant was advised in the initial decision that the deadline for filing a petition for review was November 4, 2014.  ID at 11.  He filed the petition for review 4 days late.  *See* PFR File, Tab 1.

¶5        The Board may waive its filing deadline upon a showing of good cause. *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 5 (2007).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Id.* To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        The Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and afforded him an opportunity to show good cause for the apparently untimely filing.  PFR File, Tab 5 at 1-2.  Although the appellant has responded to the Clerk's notice, he does not address the issue of timeliness.  PFR File, Tab 6 at 3.  The Board has declined to find good cause for a waiver of the filing time limit where, as here, the initial decision clearly notified the appellant of the correct time limit for filing a petition for review and the appellant has provided no excuse for his delay.  *See Smith*, 105 M.S.P.R. 433, ¶ 6. While the appellant is appearing pro se, he has failed to provide any excuse for his 4-day delay.  *See id.*; *see also Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990) (in the interest of judicial efficiency and fairness, the Board will

not waive its timeliness requirement in the absence of good cause shown, regardless of how minimal the delay in filing).

¶7　　　　On review, the appellant argues that the agency's representative "has repeatedly engaged in unwarranted and spiteful behavior in her refusal to even consider settlement options." PFR File, Tab 6 at 3. However, the appellant does not contend that the purported actions of the agency's representative below prevented him from timely filing the petition for review. *See Morales v. Department of Justice*, 56 M.S.P.R. 123, 125 (1992) (finding that the appellant failed to show good cause for waiver of the time limit because she did not argue that the actions of the parties' representatives prevented her from timely filing her petition for review). Therefore, we decline to consider this argument.

¶8　　　　Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's request for corrective action for alleged whistleblower reprisal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.